| **Information to identify the case:** | |
|---|---|
| Debtor 1 **Jay M. Shaffer** | Social Security number or ITIN **xxx–xx–3892** |
| First Name  Middle Name  Last Name | EIN _ _ – _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | Social Security number or ITIN _ _ _ _ |
| First Name  Middle Name  Last Name | EIN _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court  **WESTERN DISTRICT OF PENNSYLVANIA** | |
| Case number:  **17–20964–CMB** | |

## Order of Discharge                                                                                                         12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

   Jay M. Shaffer

7/12/17                                                            **By the court:**   Carlota M. Bohm
                                                                                        United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

```
                        United States Bankruptcy Court
                        Western District of Pennsylvania
In re:                                                          Case No. 17-20964-CMB
Jay M. Shaffer                                                  Chapter 7
            Debtor
                               CERTIFICATE OF NOTICE
District/off: 0315-2           User: admin               Page 1 of 1       Date Rcvd: Jul 12, 2017
                               Form ID: 318              Total Noticed: 8


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 14, 2017.
db             +Jay M. Shaffer,    PO Box 44,    Yukon, PA 15698-0044
14380795      #+Northwest Consumer Discount Company,    PO BOX 107,   Belle Vernon, PA 15012-0107
14381896       +PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
14380796       +Roxanne Shaffer,    198 Eichar Ln,   Smithton, PA 15479-1517
14380797        Select Portfolio Servicing,    PO Box 65277,   Salt Lake City, UT 84165-0277

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr             +EDI: QJRWALSH.COM Jul 13 2017 01:23:00      James R. Walsh,
                 Spence, Custer,Saylor,Wolfe & Rose, LLC,    1067 Menoher Boulevard,   Johnstown, PA 15905-2545
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jul 13 2017 01:39:24      Pennsylvania Dept. of Revenue,
                 Department 280946,    P.O. Box 280946,   ATTN: BANKRUPTCY DIVISION,
                 Harrisburg, PA  17128-0946
14380794       +EDI: GMACFS.COM Jul 13 2017 01:23:00      ALLY FINANCIAL,   PO BOX 380901,
                 Minneapolis, MN 55438-0901
                                                                                              TOTAL: 3

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              U.S. Bank National Association, as indenture trust
cr*            +PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
                                                                                TOTALS: 1, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 14, 2017                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 12, 2017 at the address(es) listed below:
              Donald B. Moreman    on behalf of Debtor Jay M. Shaffer donbmoreman@aol.com, moremanta@aol.com
              James Warmbrodt     on behalf of Creditor    U.S. Bank National Association, as indenture trustee,
               for the CIM Trust 2016-2, Mortgage-Backed Notes, Series 2016-2 bkgroup@kmllawgroup.com
              James R. Walsh    jwalsh@spencecuster.com,
               trustee@spencecuster.com;kpetak@spencecuster.com;rsnyder@spencecuster.com;lkinsey@spencecuster.co
               m;mskunta@spencecuster.com;jwalsh@ecf.epiqsystems.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
                                                                                             TOTAL: 4
```